UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY,** | : | 3:12cv1584 (WWE) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **JOSHUA SAWICKI, THE SAWICKI** | : | |
| **AGENCY, ANDREW BRUMMEL,** | : | |
| **KEVIN TOBIN, STEVEN ROY,** | : | |
| **CHRISTOPHER HODGINS,** | : | |
| **MARC ZETOFF, and MARK BROWN,** | : | |
| Defendants. | : | |

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

In this action, plaintiff Allstate Insurance Company alleges that defendants intentionally concealed from it a competitor's misappropriation of Allstate confidential information.

Defendants Andrew Brummel, Steven Roy, Marc Zetoff, Mark Brown, Christopher Hodgins, Joshua Sawicki and The Sawicki Agency have filed motions to dismiss claims of Connecticut Unfair Trade Practices Act ("CUTPA") violation and conspiracy on the grounds of preemption by the Connecticut Uniform Trade Secrets Act ("CUTSA") and failure to state a claim for conspiracy.  Upon review, the motions to dismiss will be denied.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court considers the allegations of the complaint to be true.  This ruling contains only the factual background relevant to counts of violation of Connecticut Unfair Trade Practices Act and conspiracy.

Allstate sells insurance products through a network of independent exclusive insurance agents ("Exclusive Agents") who are permitted to sell only Allstate insurance products after execution of an Exclusive Agency Agreement with Allstate.  Defendants Andrew Brummel, Kevin Tobin, Steven Roy, Mark Zetoff, Mark Brown and Christopher Hodgins were Exclusive Agents, who agreed not to disclose Allstate confidential information to anyone not authorized to receive it.  These Exclusive Agents issued an ownership interest or operating authority of their Exclusive Allstate Agencies to Sawicki without Allstate's knowledge or approval.

Sawicki is an Allstate competitor who owns and operates Sawicki Agency, an independent insurance agency that sells insurance policies issued by companies that compete with Allstate.  The Exclusive Agents also provided Sawicki and Sawicki Agency with user names and passwords that allowed unfettered access to confidential information found on Allstate's confidential and proprietary databases and servers.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the

court to draw the reasonable inference that the defendant is liable for the alleged conduct.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

<u>Adequacy of Conspiracy Allegations</u>

Defendants argue that plaintiff has failed to set forth facts to support its claim of conspiracy.  Defendants maintain that plaintiff fails to allege facts to show that all of the defendants "conspired together" and that allegations of "parallel conduct" is not sufficient.

The elements of a claim for civil conspiracy are: (1) an agreement between two or more persons to do a criminal or an unlawful act or a lawful act by criminal or unlawful means; (2) an act committed by one or more conspirators to the scheme and in furtherance of the object; and (3) damages resulting from the act.  <u>Williams v. Community Solutions, Inc.</u>, 2013 WL 1222795, *8 (D. Conn. 2013); <u>Harp v. King</u>, 266 Conn. 747, 779 (2003).

Construing the allegations most favorably to plaintiff, the complaint sets forth factual allegations that defendants Sawicki and Sawicki Agency entered into an agreement with Exclusive Agency defendants to receive an interest in or operating authority over the Allstate Exclusive Agencies and to receive a portion of commissions earned by the Allstate Exclusive Agencies; and required the Agency Defendants to provide them with passwords and user names in breach of the Allstate agreement.  The complaint adequately alleges a plausible claim for civil conspiracy based on an act committed between one or more conspirators.  The Court will not grant the motions to dismiss for failure to state that defendants conspired together.

CUTSA Preemption

Allstate alleges that defendants' conduct of providing confidential information to a competitor violated CUTPA.  Allstate asserts further that the defendants conspired together to engage in acts, including improper transfers of interests to Sawicki, misappropriation of Allstate's confidential information, and prevention of Allstate from learning about Sawicki and Sawicki Agency's unlawful access to Allstate confidential information.   Defendants maintain that the CUTPA and conspiracy allegations are preempted by the Connecticut Uniform Trade Secrets Act.

CUTSA provides: "Unless otherwise agreed by the parties, the provisions of this chapter supersede any conflicting tort, restitutionary, or other law of this state pertaining to civil liability for misappropriation of a trade secret."  Conn. Gen. Stat. § 35-57(a).  However, CUTSA goes on to limit its preemptive effect where "[c]ontractual or other civil liability or relief ... is not based upon misappropriation of a trade secret."  Conn. Gen. Stat. § 35-57(b).

Plaintiff maintains that the CUTPA and conspiracy claims are supported by facts unrelated to its claim for misappropriation of trade secrets.[1]  Specifically, plaintiff points to facts alleging that defendants conspired with the Exclusive Agents to conceal their involvement with the Exclusive Agents and to cause a breach in the Exclusive Agent agreements.  Further, defendants committed unfair trade acts when they required the Exclusive Agents to provide them with their Allstate usernames and passwords.

---

[1] CUTPA "provides a remedy for a spectrum of unfair business practices far beyond the misappropriation of trade secrets."  Gerner v. Applied Indus. Materials Corp., 2005 WL 1805670, *4 (Conn. Super. 2005).

Based on the pleadings, the Court cannot find that plaintiffs' allegations do not extend beyond the CUTSA's scope. The Court will leave plaintiff to its proof that its claims are not preempted by CUTSA.

**CONCLUSION**

For the foregoing reasons, the Motions to Dismiss (docs. # 55 and 59) are DENIED.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated at Bridgeport, Connecticut this \_\_23rd\_\_ day of May 2013.